Malone, J.,
concurring: I agree with the decision reached by the majority and die analysis Justice Stegall has written for the court. I write separately to address the majority’s holding that the prosecutor’s closing argument pertaining to occasions when Robinson cried and did not cry during the trial was beyond the scope of the penalty phase and served no purpose but to inflame the passion of the jurors and divert their attention from sentencing. Specifically, I write to emphasize why, in my opinion, any comment regarding die demeanor of a nontestifying defendant amounts to *341 improper closing argument. Nevertheless, I agree the misconduct in this case was harmless beyond a reasonable doubt.
Robinson never took the stand during his trial. During the penalty stage of his final closing argument, the prosecutor declared to the jury:
“When the defendant cried, [he] cried one time during this trial, he didn’t cry when there was testimony about Lisa Stasi. He didn’t cry when there was testimony about Izabela Lewicka’s body was taken out of that barrel. He didn’t cry when there was testimony about Suzette Trouten—when her family testified— when her body was taken out of that barrel or Beverly Bonner or Sheila Faith or Debbie Faith. He cried for himself. That says it all. He doesn’t care anything about anybody but himself. Manipulation and deceit, they go hand in hand with the defendant throughout these last 20 years.”
Preliminarily, I address the States argument that these rebuttal comments were proper because they were made in response to defendants closing argument. That contention is not strongly supported by the record but, even if true, the comments were still improper. See State v. Longoria, 301 Kan. 489, 522, 343 P.3d 1128 (2015) (while not excusing prosecutorial misconduct, “the defense counsel’s closing arguments provide context for the State’s rebuttal statements”); State v. Marshall, 294 Kan. 850, 860-61, 281 P.3d 1112 (2012) (defendants do not open the door to prosecutorial misconduct, but rebuttal nature of prosecutor’s arguments is a factor to be considered by appellate court).
During closing argument the prosecutor may discuss “admitted evidence as long as the remarks accurately reflect the evidence, accurately state the law, and are not intended to inflame the passions or prejudices of the jury or divert the jury from its duty to decide the case based on the evidence and the controlling law.” (Emphasis added.) State v. Friday, 297 Kan. 1023, Syl. ¶ 5, 306 P.3d 265 (2013). In delivering this summary, a prosecutor has wide latitude to craft arguments that include reasonable inferences to be drawn from the evidence but pray not comment on facts outside the evidence. See Longoria, 301 Kan. at 524; State v. Novotny, 297 Kan. 1174, Syl. ¶ 7, 307 P.3d 1278 (2013); State v. Ly, 277 Kan. 386, 392, 85 P.3d 1200, cert. denied 541 U.S. 1090 (2004).
When a prosecutor argues facts not in evidence, misconduct is *342 committed. State v. Akins, 298 Kan. 592, 601, 315 P.3d 868 (2010). And a prosecutor generally exceeds the proper bounds of argument by offering a personal opinion about witness credibihty “because such comments are ‘unsworn, unchecked testimony, not commentary on the evidence of the case.’ ” State v. Duong, 292 Kan. 824, 830, 257 P.3d 309 (2011).
Here, the prosecutors comments about the defendant crying and not crying—while seated at counsel table—were not about evidence that came from the witness stand but rather about what the prosecutor said he observed and his opinion about these observations. In essence, the prosecutor made himself an eyewitness and an expert witness who was not subject to the rules of evidence or cross-examination. Of course, jurors may see a defendant laugh, ciy, yawn, stretch, sit without expression, or visit with counsel. From their own observations, jurors may form opinions about a defendant. These observations are a natural consequence of a jury trial; however, a prosecutor should not draw attention to these appearances and behaviors—which may have gone unnoticed by the jurors—and then pontificate about what these actions mean. See Novotny, 297 Kan. at 1189-90 (assuming prosecutor’s comment on defendant “eye-balling the witnesses” was misconduct). Absent an examined explanation from a defendant, it is difficult to know why a-defendant would show or not show a certain behavior or emotion during his or her trial.
While I agree with the majority that the prosecutor’s closing comments were improper and that the misconduct does not warrant a reversal in this case, my concerns go beyond tiróse expressed by the majority. Commenting on the courtroom demeanor of a nontestifying defendant defies the purpose of closing argument, so neither party should be allowed to expressly or implicitly refer to it. Indeed, the only proper comment about the courtroom demeanor of a nontestifying defendant is that the jurors should not consider it in reaching a decision.
* * ⅞